PER CURIAM.
By a petition for certiorari the city of Miami presents for review a judgment of the circuit court of Dade County reversing a conviction of the respondent Bobbie Jean Howard in the municipal court of the City of Miami.
The respondent, who was an employee of a licensed bar in the City of Miami,' was charged and convicted of violation of Chapter 4, Sections 10 and 11 of the City Code.[1]
*8 At the trial m the municipal court there was competent substantial evidence to sustain the conviction. Two plainclothes police officers, who were present in the bar on the occasion in question, testified that the respondent, after collecting one dollar from each of the customers, mounted a small table or stage in front of the bar and performed a go-go type dance, to the accompaniment of juke box music. In the course thereof she removed or displaced her bikini type bottom garment. Without stating the details, we regard the evidence as showing the respondent thereby performed a strip-tease act of a kind and in a manner prohibited by the invoked sections of the City Code.
The reversal of the conviction by the circuit court appears to have been based on a conclusion reached by the court, in construing the ordinance, that such an act would not be in violation of the ordinance unless it was involved in a skit or play. While the ordinance defines strip-tease as a skit or play, it also describes it as an “act.” The words “act, skit or play” are stated in the ordinance in the disjunctive. The ordinance applies to an act performed, of the character prohibited as well as to a skit or to a play which may be so performed.
The city, in the exercise of its police power, may enact ordinances reasonably designed to protect and preserve the morals, health and welfare of the public. The ordinance involved here is one of that character. The validity of the ordinance is not challenged. We hold to be without merit the contention of the respondent that the conduct involved in this case was not an act performed m a public place, etc., in contravention of the ordinance.
Accordingly, the judgment of the circuit court is quashed and the judgment of conviction of the respondent in the municipal court of the City of Miami is reinstated.

. Chapter 4, § 10 of the City Code provides :
“A strip-tease, for the purposes of this subdivision, is defined as an act, skit or play to be held or performed in any public place, in any private club or in any association or place where the public or private members may attend, in which any person, male or female, disrobes or removes clothing from his *8 or her person, or opens or shifts such clothing so as to expose parts of the body in a lewd or lascivious manner or with the design to arouse the sexual desires of onlookers, or who, being partially clothed when appearing, dresses or places clothing upon the body or any part thereof in such a manner.” Chapter 4, § 11 of the City Code provides:
“It shall be unlawful for any person, male or female, to engage or perform in any skit, act or play in the places set forth in section 4-10 in which clothing is taken off or put on the body of the performer or shifted so as to expose any part of the body in the manner and with the design set forth in section 4-10.”